UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23000-CIV-SEITZ/WHITE

CHRISTOPHER GREEN,

        Petitioner,

v.

WALTER MCNEIL,

        Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE, DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Patrick A. White [DE-16], recommending that Christopher Green's ("Green's") Petition For Writ of Habeas Corpus be dismissed. Green has filed a one-paragraph blanket objection to the R&R that fails to identify a specific erroneous factual finding or legal conclusion and does not comply with Local Magistrate Judge Rule 4(b)'s requirement that an objection to an R&R "specifically identify the portions of the proposed findings, recommendations or report to which an objection is made, the specific basis for such objections, and supporting legal authority." Accordingly, the Court will address the R&R as if no objection was filed. For the reasons explained below, the Court will affirm and adopt Judge White's R&R, dismiss the Petition, and deny certification of appealability.

I.     MERITS

Green has raised five claims for ineffective assistance of counsel, and Judge White recommends denying each claim. First, Green claims that he received ineffective assistance of

appellate counsel because his lawyer failed to file a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800 to preserve the issue of the legality of his sentence for direct appeal. Judge White recommends denying this claim because, even assuming that appellate counsel performed deficiently, the claim is clearly meritless because nothing in the record creates an inference that Green's sentence resulted from judicial vindictiveness or Green's rejection of the state's plea offer.

Second, Green claims that he received ineffective assistance of trial counsel because his lawyer failed to properly investigate and discover evidence in the State's possession, namely a pawn ticket with his fingerprint and signature, thereby depriving Green of an opportunity to testify as a witness on his own behalf. Judge White also recommends denying this claim, having found that the record shows that defense counsel obtained the evidence during discovery, Green has not presented any extrinsic evidence to establish that Green's counsel failed to tell Green about the evidence to establish deficient performance, and Green has failed to demonstrated that if he had testified at trial consistent with his post-arrest statement there is a reasonable probability that the outcome of the proceedings would have been different.

Third, Green claims that his trial counsel was ineffective for failing to file a motion to suppress statements made in a letter he wrote to his prosecutor from being used as impeachment evidence. However, Judge White recommends dismissing this claim because Green never testified at trial. Thus, his trial counsel could not have been deficient in failing to move to exclude evidence impeaching Green's testimony.

Fourth, Green argues that his trial counsel was ineffective for failing to object, request a curative instruction or move for a mistrial when the State failed to call lead Detective Spence as a witness after indicating during its opening statement that Detective Spence would testify. Judge

White recommends dismissing this claim because the defense cannot decide which witnesses the state can call at trial and the testimony Green wanted to elicit on cross-examination about his statement to Detective Spence was inadmissible, such that Green's counsel could not have performed deficiently in failing to move that Detective Spence should have been required to testify.

Finally, Green claims that his trial counsel was ineffective for failing to file a motion in limine to exclude the admission of collateral crime evidence, namely the burglary of the stolen tools in which Green was accused of dealing. However, Judge White recommends dismissal of this claim because Green's trial counsel repeatedly objected to any potential statements from the prosecutor or witnesses indicate that Green was guilty of burglary, and the court responded by instructing the jury that Green had not been charged with the offense of burglary.

Having reviewed *de novo* Bruce's Petition, Judge White's R&R, the record and pertinent legal authorities, the Court finds that Judge White's factual determinations are not clearly erroneous and he correctly applied the law to those facts. Therefore, the Court will affirm and adopt Judge White's R&R, and dismiss the Petition.

## II.   CERTIFICATE OF APPEALABILITY

Moreover, the Court will deny issuance of a certificate of appealability for this Petition. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court, having established grounds for entering a "final order adverse to the applicant" on this Petition, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted).  When the Antiterrorism and Effective Death Penalty Act applies, the court should consider whether its "resolution was debatable amongst jurists of reason." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted). Here, Green has not made a substantial showing of the denial of a constitutional right with respect to any of his claims for ineffective assistance of counsel.  As a result, it is hereby

ORDERED THAT

(1) The Magistrate Judge's Report and Recommendation [DE-16] is AFFIRMED AND ADOPTED.

(2) The Petition For Habeas Corpus under 28 U.S.C. § 2254 [DE-1] is DENIED and this case is CLOSED.

(3) Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, certification of appealability is DENIED.  If Petitioner wishes, he may seek a certificate of appealability from the Court of Appeals under Fed. R. App. P. 22.

DONE and ORDERED in Miami, Florida this 30th day of September, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record/Pro Se Parties